IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **SIXTO RIVERA BUSTILLOS,** | ) | |
| **ID # 54327-177,** | ) | |
| Movant, | ) | **No. 3:18-CV-1282-B (BH)** |
| vs. | ) | **No. 3:16-CR-225-B (3)** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| Respondent. | ) | Referred to U.S. Magistrate Judge |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

By *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the motion to vacate, set aside, or correct sentence should be **DISMISSED** without prejudice.

### I. BACKGROUND

Sixto Rivera Bustillos (Movant), a federal prisoner, was convicted of possession with the intent to distribute heroin and sentenced to 135 months' imprisonment. (*See* 3:16-CR-225-B (3), doc. 255.)[1] His direct appeal remains pending. *See United States v. Sixto Bustillos*, No. 17-10873 (5th Cir.). He now seeks relief under § 2255. (*See* 3:18-CV-1281-B, docs. 2 & 3.)

### II. SCOPE OF RELIEF AVAILABLE UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted). "[A] criminal defendant may not collaterally attack his conviction until it has been affirmed on direct appeal." *Fassler v. United States*, 858 F.2d

---

[1] Unless otherwise indicated, all subsequent document numbers refer to the docket number assigned in the underlying criminal action, 3:16-CR-286-D (15).

1016, 1019 (5th Cir. 1998); *see also United States v. Bernegger*, 661 F.3d 232, 241 (5th Cir. 2011) ("A defendant cannot collaterally attack his conviction until it has been affirmed on direct appeal."). Motions under § 2255 that are filed during the pendency of a direct appeal are "not entitled to consideration on the merits," *Jones v. United States*, 453 F.2d 351, 352 (5th Cir. 1972), because the "disposition of the appeal may render the motion moot." *United States v. Fantozzi*, 90 F. App'x 73 (5th Cir. 2004) (quoting *Welsh v. United States*, 404 F.2d 333 (5th Cir. 1968)).

Where, as here, the movant seeks § 2255 relief while his direct appeal is pending, the Court should decline to address the § 2255 motion and dismiss the action without prejudice. *See Bernegger*, 661 F.3d at 241 ("The District Court correctly determined that Bernegger's habeas corpus petition was not ripe for review"); *see also, e.g.*, *Cruz v. United States*, Nos. 3:13-cv-158-B & 3:12-cr-8-B (09), 2013 WL 459932, at * 1 (recommending that the defendant's Section 2255 motion be dismissed without prejudice because it was filed while his direct appeal remained pending). *rec. adopted* 2013 WL 462354 (N.D. Tex. Jan. 16, 2013).

### III.  RECOMMENDATION

This action should be **DISMISSED** without prejudice as premature.

**SIGNED this 21st day of May, 2018.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE